STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
JODI DONETTA LOWRY, ESQ.
Nevada Bar No. 7798
jlowry@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
jcoons@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, INC., a Delaware non-profit corporation,<br><br>Defendant. | Case No.: 2:10-cv-0485<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Citizens for Responsibility and Ethics in Washington, Inc. ("CREW"), on information and belief:

**NATURE OF ACTION**

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

1

**PARTIES**

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Secretary of State of Nevada.

4. CREW is, and has been at all times relevant to this lawsuit, a Delaware non-profit corporation with its principal place of business in the District of Columbia.

**JURISDICTION**

5. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) and §1332(c) because this is a civil action between parties with complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7. CREW purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

8. CREW purposefully directs and effectuates the unauthorized reproduction of Righthaven-owned copyrighted works at www.crewsmostcorrupt.org ("CREW's Website").

9. CREW's unauthorized reproduction of Righthaven-owned copyrighted works found on CREW's Website is purposefully targeted to Nevada residents.

10. CREW copied, on an unauthorized basis, the literary work entitled "Ensign e-mails contradict some ethics probe claims," attached hereto as Exhibit 1 (the "Ensign E-mails Article"), from a source emanating from Nevada.

11. CREW displayed and displays the Ensign E-mails Article on CREW's Website.

12. CREW's display of the Ensign E-mails Article was and is purposefully directed at Nevada residents.

13. CREW copied, on an unauthorized basis, the literary work entitled "Honey, I shrunk the city," attached hereto as Exhibit 2 (the "Shrunk City Article"), from a source emanating from Nevada.

14. CREW displayed and displays the Shrunk City Article on CREW's Website.

15. CREW's display of the Shrunk City Article was and is purposefully directed at Nevada residents.

16. CREW copied, on an unauthorized basis, the literary work entitled "FBI starts Ensign probe," attached hereto as Exhibit 3 (the "Starts Probe Article"), from a source emanating from Nevada.

17. CREW displayed and displays the Starts Probe Article on CREW's Website.

18. CREW's display of the Starts Probe Article was and is purposefully directed at Nevada residents.

19. CREW copied, on an unauthorized basis, the literary work entitled "FBI contacting people in Ensign probe," attached hereto as Exhibit 4 (the "FBI Contacting Article"), from a source emanating from Nevada.

20. CREW displayed and displays the FBI Contacting Article on CREW's Website.

21. CREW's display of the FBI Contacting Article was and is purposefully directed at Nevada residents.

22. CREW copied, on an unauthorized basis, the literary work entitled "Reid moves to drop flap," attached hereto as Exhibit 5 (the "Reid Flap Article"), from a source emanating from Nevada.

23. CREW displayed and displays the Reid Flap Article on CREW's Website.

24. CREW's display of the Reid Flap Article was and is purposefully directed at Nevada residents.

25. CREW copied, on an unauthorized basis, the literary work entitled "Probe into Ensign scandal stays cloudy," attached hereto as Exhibit 6 (the "Probe Cloudy Article"), from a source emanating from Nevada.

26. CREW displayed and displays the Probe Cloudy Article on CREW's Website.

27. CREW's display of the Probe Cloudy Article was and is purposefully directed at Nevada residents.

28. CREW copied, on an unauthorized basis, the literary work entitled "Ensign speaks of affair with ex-staffer," attached hereto as Exhibit 7 (the "Ensign Speaks Article"), from a source emanating from Nevada.

29. CREW displayed and displays the Ensign Speaks Article on CREW's Website.

30. CREW's display of the Ensign Speaks Article was and is purposefully directed at Nevada residents.

31. CREW copied, on an unauthorized basis, the literary work entitled "What's for Supper?: These Las Vegas personalities deserve 'turkey' status," attached hereto as Exhibit 8 (the "What's For Supper Article"), from a source emanating from Nevada.

32. CREW displayed and displays the What's For Supper Article on CREW's Website.

33. CREW's display of the What's For Supper Article was and is purposefully directed at Nevada residents.

34. CREW copied, on an unauthorized basis, the literary work entitled "Editorial: A changing of the guard?" attached hereto as Exhibit 9 (the "Changing Guard Article"), from a source emanating from Nevada.

35. CREW displayed and displays the Changing Guard Article on CREW's Website.

36. CREW's display of the Changing Guard Article was and is purposefully directed at Nevada residents.

37. CREW copied, on an unauthorized basis, the literary work entitled "Extramarital affair, illegal lobbying allegations hurting Ensign," attached hereto as Exhibit 10 (the "Extramarital Affair Article"), from a source emanating from Nevada.

38. CREW displayed and displays the Extramarital Affair Article on CREW's Website.

39. CREW's display of the Extramarital Affair Article was and is purposefully directed at Nevada residents.

40. CREW copied, on an unauthorized basis, the literary work entitled "Group: Ensign's actions illegal," attached hereto as Exhibit 11 (the "Ensign's Actions Article"), from a source emanating from Nevada.

41. CREW displayed and displays the Ensign's Actions Article on CREW's Website.

42. CREW's display of the Ensign's Actions Article was and is purposefully directed at Nevada residents.

43. CREW copied, on an unauthorized basis, the literary work entitled "Ensign facing more pressure from ethics group over affair," attached hereto as Exhibit 12 (the "Facing Pressure Article"), from a source emanating from Nevada.

44. CREW displayed and displays the Facing Pressure Article on CREW's Website.

45. CREW's display of the Facing Pressure Article was and is purposefully directed at Nevada residents.

46. CREW's contacts with Nevada are systematic and continuous because CREW has declared United States Senator John Ensign of Nevada to be one of CREW's "Most Corrupt Members of Congress."

47. CREW's contacts with Nevada are systematic and continuous because CREW publishes and republishes, on a near-daily basis since on or about September 15, 2009, content relating to Senator Ensign's political activities on behalf of the State of Nevada.

48. CREW's contacts with Nevada are systematic and continuous because CREW publishes and republishes, on a near-daily basis since on or about September 15, 2009, content relating to Senator Ensign's personal activities within the State of Nevada.

49. CREW's contacts with Nevada are systematic and continuous because CREW has republished, on a near-daily basis since on or about September 15, 2009, in connection with CREW's publication of content regarding Senator Ensign, content originally emanating from throughout Nevada, including content from periodicals published in Reno and Las Vegas.

**VENUE**

50. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

51. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(3) and § 1400(a), because CREW may be found in Nevada.

52. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(c), because a CREW is subject to personal jurisdiction in Nevada.

**FACTS**

53. Righthaven is the copyright owner of the literary work entitled "Ensign's troubles grow while Nevada Republicans stay quiet" (the "Work"), attached hereto as Exhibit 13.

54. The Work was originally published on March 12, 2010.

55. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

56. On March 29, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007120565 (the "Registration") and attached hereto as Exhibit 14 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

57. CREW owns the domain name www.crewsmostcorrupt.org.

58. CREW owns the domain name www.crewsmostcorrupt.com (collectively with www.crewsmostcorrupt.org, the "Domains").

59. World Wide Web users who specifically enter the domain name www.crewsmostcorrupt.com into those users' Internet browsers are automatically redirected to www.crewsmostcorrupt.org.

60. CREW is identified as the registrant, administrator, and technical contact for the domain www.crewsmostcorrupt.org.

61. CREW is identified as the registrant, administrator, and technical contact for the domain www.crewsmostcorrupt.com.

62. No later than February 18, 2010, CREW reproduced an unauthorized copy of the Work (the "Infringement"), attached hereto as Exhibit 15, on CREW's Website.

63. CREW did not seek Righthaven's permission, in any manner, to reproduce, display, or otherwise exploit the Work.

64. Righthaven did not grant CREW permission, in any manner, to reproduce, display, or otherwise exploit the Work.

**CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT**

65. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 64 above.

66. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

67. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

68. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

69. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

70. CREW reproduced the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

71. CREW created an unauthorized derivative of the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

72. CREW distributes unauthorized reproductions of the Work via CREW's Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

73. CREW publicly displays an unauthorized reproduction of the Work at CREW's Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

74. CREW has willfully engaged in the copyright infringement of the Work.

75. CREW's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

76. Unless CREW is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by CREW of the Work, pursuant to 17 U.S.C. §502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain CREW, and CREW's officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under CREW, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct CREW to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to CREW's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to CREW's Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom CREW has communicated regarding CREW's use of the Work; and

      c.    All financial evidence and documentation relating to CREW's use of the Work;

3. Direct GoDaddy.com, Inc. and any successor domain name registrar for the Domains to lock the Domains and transfer control of the Domains to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

5. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

6. Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this 7th day of April, 2010.

    RIGHTHAVEN LLC

    By: /s/ J. Charles Coons
    STEVEN A. GIBSON, ESQ.
    Nevada Bar No. 6656
    JODI DONETTA LOWRY, ESQ.
    Nevada Bar No. 7798
    J. CHARLES COONS, ESQ.
    Nevada Bar No. 10553
    9960 West Cheyenne Avenue, Suite 210
    Las Vegas, Nevada 89129-7701
    Attorneys for Plaintiff